NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0401n.06

No. 10-3165

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**

*Jun 16, 2011*

LEONARD GREEN, Clerk

DENNIS H. JACOB,

    Plaintiff-Appellant,

v.

HOME SAVINGS AND LOAN COMPANY OF
YOUNGSTOWN, OHIO,

    Defendant-Appellee.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

—————————————————————/

Before:    MARTIN, NORRIS, and SILER, Circuit Judges.

    BOYCE F. MARTIN, JR., Circuit Judge. Dennis Jacob asserts that Home Savings and Loan Company of Youngstown, Ohio violated the Truth in Lending Act by failing to provide appropriate disclosures in connection with his residential construction loan. Jacob also brought several claims under Ohio state law arising out of this transaction. The district court granted summary judgment for Home Savings and Loan on all of Jacob's claims and we **AFFIRM**.

**I.**

    In June 2006 Jacob took out a $200,000 residential construction loan from Home Savings and Loan to build a house in Ottawa Lake, Michigan. The loan was divided into two phases: a "construction period" and a "permanent financing period." At the closing, Jacob signed several documents including a note, a mortgage, a "Construction Loan Agreement," and a one-page "Construction Loan Addendum." The Construction Loan Addendum stated in pertinent part:

> **1. Construction Period**
> This Addendum shall govern Borrower's obligations and rights during the Construction Period, which shall begin on the date of the Note and this Addendum and end on 04/01/2007, unless Lender in its sole discretion extends that date.
>
> * * *
>
> **6. Conversion to Permanent Loan**
> If at any time the Construction Period ends, construction is not complete or the property not lawfully occupied, Lender may withhold such portion of the principal as it deems necessary to ensure the completion of construction and readiness for occupancy of the property. Borrower will pay interest under the Note as if the full amount of the principal has been disbursed in that event. Upon conversion, all accrued and unpaid interest up to conversion date shall be due in full and paid to the Lender.

During the construction period, Jacob was only obligated to make monthly interest payments on the monies that had actually been advanced for construction purposes. However, once the loan entered the permanent financing period, the agreement required Jacob to pay interest as if the full principal had been disbursed. In order to ensure completion of the home, and to protect its collateral, the agreement permits Home Savings and Loan to retain the undisbursed funds and treat them as if they had been disbursed at the end of the construction period.

Construction did not go as planned, and Jacob did not finish building his house until 2009. After the construction period ended, on April 2, 2007 Home Savings and Loan sent Jacob a letter informing him that his loan would revert to a conventional permanent mortgage on May 1 and his first full mortgage payment would be due May 15. Jacob spoke to a representative at Home Savings and Loan and arranged to extend the construction period for sixty days in exchange for a $200 fee. With this extension the construction period ended on July 1.

On June 1, Home Savings and Loan sent Jacob a letter explaining that his loan would convert to a conventional mortgage on July 1, and his monthly payment of $1,313.86 would be due July 15.

Construction, however, still lagged behind. Rather than purchasing additional two-month extensions, Jacob sought a less expensive way to continue financing construction of his home. Jacob asserts that he believed that he could convert the loan to permanent status but, because he had only drawn about $90,000 of the $200,000 total loan amount, he would only be paying interest on the disbursed amount. This would be substantially less than the $1,313.86 monthly payment, and he believed that the excess payment would be applied to reduce the principal. Jacob alleges that he spoke to a Mr. Morgan Stanley at Home Savings and Loan who confirmed his understanding.

Jacob let the loan proceed into the permanent financing period and began making payments. However, he soon discovered that Home Savings and Loan disagreed with his interpretation of how his payments would be allocated. Home Savings and Loan treated the loan as if the full amount of the principal had been disbursed and applied Jacob's payments accordingly. This meant that a large portion of Jacob's payments went to pay interest on money that had not yet actually been disbursed to him. Jacob continued making monthly payments of $1,313.86 until July 2009 when he refinanced with a different lender.

In June 2008 Jacob filed a lawsuit against Home Savings and Loan alleging that it violated the Truth in Lending Act, and specifically Regulation Z. Jacob also brought several claims under Ohio state law. Both parties moved for summary judgment and the district court granted summary judgment in favor of Home Savings and Loan on all of Jacob's claims.

**II.**

We review the district court's grant of summary judgment de novo. *Bentkowski v. Scene Magazine*, 637 F.3d 689, 693 (6th Cir. 2011). Summary judgment is appropriate where the

pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show "that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists," and the court must draw all reasonable inferences in the light most favorable to the nonmoving party. *Vaughn v. Lawrenceburg Power Sys.*, 269 F.3d 703, 710 (6th Cir. 2001). When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Home Savings and Loan did not violate the Truth in Lending Act or Regulation Z by failing to provide new disclosures when the construction period ended and Jacob's loan converted to the permanent financing period. Regulation Z provides that a refinancing is a new transaction, which requires lenders to provide new disclosures. It goes on to explain that "[a] refinancing occurs when an existing obligation that was subject to this subpart is satisfied and replaced by a new obligation undertaken by the same consumer." 12 C.F.R. § 226.20(a) (2010). However, Regulation Z also states that "[a] series of advances under an agreement to extend credit up to a certain amount may be considered as one transaction." *Id.* § 226.17(c)(6). And, it specifically notes that "[w]hen a multiple-advance loan to finance the construction of a dwelling may be permanently financed by the same creditor, the construction phase and the permanent phase may be treated as either one transaction or more than one transaction." *Id.* Here, the loan documents explain that Jacob and Home Savings and Loan treated the construction phase and permanent phase as a single transaction.

Therefore, this transaction falls well within the exception in section 226.17(c)(6) and Home Savings and Loan did not need to provide new disclosures when the construction period ended.

Jacob attempts to skirt the plain language of the loan documents and Regulation Z by arguing that Home Savings and Loan increased his interest rate when the construction period ended. However, it did not. Jacob computes the interest rate by comparing the amount of his monthly payment to the $92,795 in principal he had drawn when the construction period ended. But, there is no basis to compute the interest rate in that manner. Although Jacob had received less than half of the total loan amount when the construction period ended, paragraph six of the Construction Loan Addendum anticipated this situation and provides that Jacob must pay "interest under the Note as if the full amount of the principal has been disbursed."[1] Home Savings and Loan simply charged the interest rate provided for under the agreement on the full $200,000 principal amount as provided for under the contract. Therefore, because Regulation Z permitted Home Savings and Loan to treat the construction phase and permanent financing phase as a single transaction, and it did not change the interest rate it charged, it did not violate the Act by failing to make additional disclosures when the construction period ended.

---

[1]Jacob points to several interrogatories where Home Savings and Loan acknowledged that Jacob paid interest on principal that it had not disbursed to him. However, that is not inconsistent with the loan documents, which explicitly permit Home Savings and Loan to charge interest on the full amount of the principal at the end of the construction period.

**III.**

Jacob also asserts that Home Savings and Loan is liable under Ohio state law for the tort of negligent misrepresentation and argues that the loan agreement violates public policy. The district court did not err by granting summary judgment on these claims.

**IV.**

The district court properly granted Home Savings and Loan summary judgment and we therefore **AFFIRM**.